UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI SHAHMIRZADI,  No. 11-15351 t11

    Debtor.

PHILIP J. MONTOYA,

    Plaintiff,

v.  Adv. No. 13-01035 t

NANCY AKBARI SHAHMIRZADI,
AHMAD SHAHMIRZADI aka
AHMAD AKBARI SHAHMIRZADI,
CARLOS ESTRADA-VEGA,
AL DOKHAN GENERAL TRADING CO.,
ARDISHIR KARIMI,
MAHMOOD AKBARI SHAHMIRZADI,
SAMIRAH AKBARI, and
MESQUITE REALTY COMPANY, LLC,

    Defendants.

## MEMORANDUM OPINION

Before the Court is a motion to dismiss the adversary proceeding under F.R.Civ.P.[1] 12(b)(1), (2), (4), (5), and (6), and for a more definite statement under Rule 12(e). The motion was filed by three of the named defendants. For the reasons set forth below, the dismissal arguments are overruled, but the plaintiff will be required to file an amended complaint.

    I.    FINDINGS OF FACT

The Court makes the following findings, based on the dockets of the adversary proceeding and the main bankruptcy case, and the documents submitted by the parties.[2]

---

[1] Here, a "Rule," made applicable by Fed.R.Bankr.P. (a "Bankruptcy Rule") 7012.
[2] Because the motion to dismiss addresses jurisdiction and mootness rather than attacking the

On December 14, 2011, debtor Nancy Akbari Shahmirzadi filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Philip Montoya was appointed the Chapter 7 trustee (the "Trustee").

The Trustee filed this adversary proceeding on April 29, 2013, against eight defendants, including the Debtor, her husband Ahmad Akbari Shahmirzadi, and Mesquite Realty Company, LLC ("Movants"). The complaint asserts one turnover count and seven counts seeking to avoid fraudulent transfers. The Trustee sought to recover certain real property, including land in Iran and Las Cruces, New Mexico, and personal property, including rugs, cars, and cash.

Debtor's major creditor, the Estate of Eleanor Jacoby, brought a § 523(a) nondischargeability proceeding against Debtor on January 30, 2012. On March 26, 2012, the United States Trustee also filed a proceeding, seeking to deny Debtor's discharge.

On November 22, 2013, Debtor and the Trustee agreed to entry of a Stipulated Order Converting Case to a Case Under Chapter Eleven (the "Stipulated Conversion Order"), doc. 64 in case no. 11-15351. The key elements of the Stipulated Conversion Order include:

- Debtor waived her right to a bankruptcy discharge;
- The case was converted to Chapter 11;
- The Estate of Jacoby's claim was allowed, subject to Debtor's right to contest pre- and post-petition interest and assert an uncredited payment; and
- Debtor agreed to transfer to the estate all of the real property that is the subject of this adversary proceeding.

The Stipulated Order does not address or refer to the claims to recover other types of property in this adversary proceeding. Further, it provides that this adversary proceeding will

---

sufficiency of the complaint, the Court makes findings rather than accepting the Trustee's allegations as true. *See Davis ex rel. Davis v. U.S.,* 343 F.3d 1282, 1295 (10th Cir. 2003) (Courts may make findings of fact, rather than accepting allegations as true, when dismissal is based on lack of jurisdiction). In making its findings, the Court took judicial notice of the dockets. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket).

remain pending "with respect to any claims therein not resolved by the provisions hereof."

Pursuant to the Stipulated Conversion Order, the adversary proceedings brought by the Jacoby Estate and the U.S. Trustee were dismissed. Debtor then caused to be conveyed to the bankruptcy estate all of the real property in New Mexico that was the subject of the adversary proceeding (the "New Mexico Real Property"). By its terms, the Stipulated Conversion Order also required the transfer of a vacant lot in Iran. There is no indication that has been done.

The adversary proceeding lay dormant from November, 2013 until March, 2015, when the Trustee asked the Court for a status conference. At an April 6, 2015 conference, the Trustee informed the Court that he would like to pursue the claims in the adversary proceeding relating to the following property:

- 31 Persian carpets;
- Vacant land in Iran;
- Membership interest in Mesquite Realty Company;
- Membership interest in Las Cruces New Mexico Holding Company;
- Stock of 1417 Mesquite Company, a Pennsylvania corporation;
- Interest in a collection lawsuit valued at $32,000;
- Bank account funds totaling $87,512;
- 2006 Cadillac;
- 2010 Kia Soul;
- 2010 Honda Civic; and
- $627,800 in cash.

(together, the "Remaining Property").

In his response to the motion to dismiss, the Trustee represented that the Remaining Property has yet to be recovered. There appears to be no dispute on this point. The Trustee contends the Stipulated Conversion Order did not resolve the Remaining Property claims, and that he needs to recover the Remaining Property to pay creditors.

The Court issued a scheduling order on April 9, 2015, and a supplemental order on August 4, 2015. The supplemental order gave defendants until September 2, 2015 to file

responsive pleadings. On August 31, 2015, Movants filed the motion to dismiss.

## II. DISCUSSION

### A. Rule 12(b)(1): Lack of Subject-Matter Jurisdiction.

Movants first argue that the proceeding should be dismissed under Rule 12(b)(1) (lack of subject matter jurisdiction) because the Trustee's claims either are moot or were abandoned.

Federal courts are courts of limited jurisdiction; they may only hear cases authorized in the Constitution and conferred by a jurisdictional grant by Congress. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion.

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, the Court must consider the complaint's allegations to be true. *See Ruiz*, 299 F.3d at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

If a party goes beyond allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends, the trial court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (10th Cir. 1990)), and *Wheeler v. Hurdman,* 825 F.2d 257, 259

n. 5 (10th Cir. 1987). In such cases, referring to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Holt*, 46 F.3d at 1003; *Wheeler,* 825 F.2d at 259 n. 5.

Mootness presents a question of subject matter jurisdiction because federal courts lack subject matter jurisdiction if there is no live case or controversy. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66–67 (1997); *Scott v. Milyard,* 2008 WL 4790145, *1 (D. Colo. 2008) ("[M]ootness is an issue of subject matter jurisdiction…") (citing *Kennedy v. Lubar*, 273 F.3d 1293, 1301-1302 (10th Cir. 2001)).

Here, the mootness argument is not a facial attack, but rather is based on events that occurred after the proceeding was filed in 2013. Based on the record, the Court agrees with Movants that the claims to recover the New Mexico Real Property were settled and therefore are moot. *See generally McMurtry v. Aetna Life Ins. Co*., 273 Fed. Appx. 758, 759 (10th Cir. 2008) (mootness arises when the underlying litigation is dismissed by agreement of the parties pursuant to a settlement).

The Remaining Property claims were not "resolved" by the Stipulated Conversion Order, however, and were not dismissed. The Stipulated Conversion Order only addressed claims to recover real property, not personal property. There is nothing in the record to indicate—and Movants do not even assert—Debtor returned or the Trustee recovered all of the Remaining Property. The Remaining Property claims are not moot.

Similarly, the current record does not reflect that the Trustee impliedly abandoned the Remaining Property claims. It would have been easy to dismiss them with prejudice as part of the settlement, but that was not done. Instead, the parties agreed the adversary proceeding would remain pending "with respect to any claims therein not resolved by the provisions" of the

Stipulated Conversion Order. It is not reasonable to read that language, or to interpret subsequent events, as an abandonment of the Remaining Property claims.

      B.      Rule 12(b)(2): Lack of Personal Jurisdiction.

Movants next argue that the complaint should be dismissed as to Samirah Akbari, Al Dokhan General Trading Co., and Ardishhir Karmi because the Court lacks personal jurisdiction over them.[3] Specifically, Movants assert those defendants lack the requisite minimum contacts with New Mexico.

The argument fails for two reasons. First, Movants do not represent the subject defendants. Debtor, a licensed attorney, represents herself *pro se* and also is counsel for her husband Ahmad Akbari Shahmirzadi and Mesquite Realty Company, LLC. If any defendants other than Movants believe the Court lacks personal jurisdiction over them, they need to file their own motions.

Second, with respect to Samirah Akbari, the record indicates the Court has personal jurisdiction over her.[4]

Personal jurisdiction arguments raise two questions. The first is whether a federal statute or rule provides a basis for exercising jurisdiction. *See Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004) (there must be an applicable rule or statute that potentially confers jurisdiction over the defendant); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (finding the authority to exercise jurisdiction in Rule 4(k)(2)). Bankruptcy Rule 7004(f) provides the basis for exercising personal jurisdiction in adversary proceedings. The rule states that service of process establishes personal jurisdiction

---

[3] Although Movants cite Rule 12(b)(3) (improper venue) when making this argument, the argument itself plainly is couched in terms of personal jurisdiction, not venue.

[4] On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1995).

over any defendant "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States." Bankruptcy Rule 7004(f) thus permits "worldwide service of process, limited only by the due process clause of the Fifth Amendment." *North v. Winterthur Assurances (In re North)*, 279 B.R. 845, 853 (Bankr. D. Ariz. 2002) (citing *In re Med-Atlantic Petroleum Corp.*, 233 B.R. 644, 653 (Bankr. S.D.N.Y. 1999)).

The second question is whether exercising jurisdiction over the defendant is consistent with the due process clause. For personal jurisdiction to be proper, the due process clause requires that the defendant have "minimum contacts" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotation omitted); *International Med. Group. Inc. v. American Arbitration Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002). When federal courts hear federal question cases pursuant to a federal statute or rule that allows nationwide service of process, the "forum" at issue is the United States, not the state in which the court sits. *See United States v. De Ortiz*, 910 F.2d 376, 382 (7th Cir. 1990) ("due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state or other geographic area"); *United Rope Distribs., Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir. 1991) (to satisfy due process, defendant need have only minimum "national contacts"); *In re AstroPower Liquidating Trust*, 335 B.R. 309, 317 (Bankr. D. Del. 2005) (in bankruptcy, the "forum" is the United States); *In re North*, 279 B.R. at 851 ("Generally, when there is a federal statute which permits the service of process beyond the

boundaries of the forum state, the question becomes whether the party has sufficient contacts with the United States, not any particular state") (internal citations omitted).[5]

Here, Samirah Akbari lived in Brooklyn, New York when she was served, and her *pro se* entry of appearance lists a New Mexico address. Clearly she had sufficient "national contacts" for personal jurisdiction purposes. Without substantially more evidence, presented by Samirah Akbari herself or her attorney, there is no basis to dismiss claims against her under Rule 12(b)(2).

        C.        Rule 12(b)(4) and/or (5): Insufficient Process or Service of Process.

Movants next argue that the claims against Carlos Estrada-Vega, Al Dokhan General Trading Co., Ardishir Karmi, Mahmood Akbari Shahmirzadi, and Samirah Akbari should be dismissed because the defendants were not served with process, and/or were not served with sufficient process.

The argument fails because, as explained above, Movants do not represent the defendants and cannot act on their behalf. Further, it appears that Samirah Akbari and Carlos Estrada-Vega were served with process. The Trustee's certificate of service filed May 14, 2013 indicated they were served by first class mail, as required by Rule 7004, and they entered their appearance and requested more time to file an answer and find an attorney.

The Trustee admits that Al Dokhan General Trading Co. and Ardishir Karmi have not yet been served. The same appears to be true for Mahmood Akbari-Shahmirzadi, although he is not

---

[5] *See also Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 630 (4th Cir. 1997) (Bankruptcy Rule 7004 provides a basis for personal jurisdiction over an out-of-state corporation); *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) (contacts between defendant and state have no bearing on personal jurisdiction issue in bankruptcy adversary proceeding); *Donald G. Atteberry DVM, P.A. v. Barclays Bank (In re Donald G. Atteberry DVM, P.A.)*, 159 B.R. 1, 5 (D. Kan. 1993) (nationwide service of process provisions of Bankruptcy Rule 7004(d) apply, so bankruptcy court correctly focused on the defendant's contacts with the United States rather than Kansas).

mentioned by the Trustee. According to the Trustee, the delay in serving these defendants was caused by the fact they live in Iran.

Pursuant to Rule 4(f) and (m),[6] made applicable by Bankruptcy Rule 7004, there is no time limit for serving defendants in foreign countries. *See Bybee v. Podravka Prehrambena Industria,* 2011 WL 12290368, *1 (D.N.M. 2011) (unlike Rule 4(m), which allows 120 days for service, Rule 4(f) "provides no time limit for effecting service" in a foreign country); *Feliz v. MacNeill,* 493 Fed. Appx. 128, 131 (5th Cir. 2012) ("The federal rules give no specific time limit on service outside of the United States."); *Lucas v. Natoli,* 936 F.2d 432 (9th Cir. 1991) (same).

Courts have the authority to dismiss a case under Rule 41(b) for lack of prosecution when a plaintiff fails to effect service in a foreign country for a prolonged period. *Bybee,* 2011 WL 12290368, at *2; *O'Rourke Bros. Inc., v. Nesbitt Burns, Inc*., 201 F.3d 948, 952 (7th Cir. 2000) (a court may dismiss for failure to prosecute under Rule 41(b) when a plaintiff fails to serve a foreign defendant within a reasonable time). However, as discussed above, Movants cannot request that relief on behalf of the defendants who have not been served.

The Court will not dismiss the complaint against any defendants based on insufficient process or service of process. However, at the next status conference, the Trustee should report on whether he intends to prosecute claims against Al Dokhan General Trading Co., Ardishir Karmi, and Mahmood Akbari-Shahmirzadi. The Court may set a deadline to effect service.

---

[6] Rule 4(m) provides in part: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . . *This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)*"(emphasis added).

D. Rule 12(b)(6): Failure to State a Claim.

Movants also argue that, since the claims in the adversary proceeding are moot, the complaint fails to state a cause of action. As discussed above, the claims are not moot. The Movant's Rule 12(b)(6) argument therefore fails.

E. Rule 12(e): Motion for a More Definite Statement.

Finally, Movants argue that the Trustee should be required to provide a more definite statement of the claims he seeks to pursue. Rule 12(e) permits a party to file a motion for a more definite statement when required to respond to an overly vague or ambiguous pleading. A Rule 12(e) motion should be granted only if the defendant cannot reasonably determine the issues requiring a response. *See Peterson v. Brownlee,* 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004); *Shaffer v. Eden,* 209 F.R.D. 460, 464 (D. Kan. 2002). Such a motion is a remedy for an unintelligible pleading. *See Frazier v. Southeastern Pennsylvania Transportation Authority,* 868 F. Supp. 757, 763 (E.D. Pa. 1994).

The complaint here is not unintelligible. However, since the claims relating to the New Mexico Real Property are sprinkled among, inter alia, counts one, two, and three, it would be helpful to the Court and the parties if the Trustee filed an amended complaint in which all claims related to the New Mexico Real Property have been removed.[7]

III. CONCLUSION

The motion to dismiss is denied. Within twenty days, the Trustee shall file an amended complaint relating only to the Remaining Property. The Trustee shall serve the amended complaint on all parties who have appeared in this adversary proceeding, at the addresses listed in their entries of appearance. Defendants shall have 30 days from the date of service to answer.

---

[7] Because the Court will require the Trustee to file an amended complaint, Movants' argument that certain defendants (again, not represented by Movants) did not receive notice of the deadline to file a responsive pleading need not be addressed.

The Court will conduct a status conference on December 1, 2015 at 9:30 a.m. to address service on the remaining defendants.

The Court will enter a separate order.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Entered: November 20, 2015.

Copies to:

George M. Moore
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109

Nancy Akbari-Shahmirzadi
540 North Mesquite
Las Cruces, NM 88001

Samirah Akbari Shahmirzadi
540 North Mesquite
Las Cruces, NM 88001

Carlos Estrada-Vega
1129 North Campo
Las Cruces, NM 88001

Ahmad Akbari Shahmirzadi
540 North Mesquite
Las Cruces, NM 88001

Mesquite Realty Company, LLC
c/o Nancy Akbari Shahmirzadi
540 North Mesquite
Las Cruces, NM 88001