UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI-SHAHMIRZADI,            No. 11-15351-t11

    Debtor.

PHILIP J. MONTOYA,

    Plaintiff,

v.            Adv. No. 13-01035-t

NANCY AKBARI-SHAHMIRZADI,
AHMAD SHAHMIRZADI aka
AHMAD AKBARI-SHAHMIRZADI,
CARLOS ESTRADA-VEGA,
AL DOKHAN GENERAL TRADING CO.,
ARDISHIR KARIMI,
MAHMOOD AKBARI-SHAHMIRZADI,
SAMIRAH AKBARI, and
MESQUITE REALTY COMPANY, LLC,

    Defendants.

## MEMORANDUM OPINION

Before the Court is Defendant Nancy Akbari Shahmirzadi's Motion to Alter and Amend Order of November 19, 2015, in which Ms. Akbari asks the Court to vacate its order denying her motion to dismiss. Having carefully reviewed the record and the motions, the Court finds that the motion to alter and amend is not well taken and should be denied.

I.      FACTS

On December 14, 2011, Ms. Akbari filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Philip Montoya was appointed the Chapter 7 trustee.

The Trustee filed this adversary proceeding on April 29, 2013 against eight defendants,

including Ms. Akbari, her husband Ahmad Akbari Shahmirzadi, and Mesquite Realty Company, LLC. The complaint asserts one turnover count and seven counts to avoid fraudulent transfers. The Trustee sought to recover real property in Iran and Las Cruces, New Mexico, as well as rugs, cars, and cash.

On November 22, 2013, Ms. Akbari and the Trustee agreed to entry of a Stipulated Order Converting Case to a Case Under Chapter Eleven (the "Stipulated Order"). The Stipulated Order provides that this adversary proceeding would remain pending "with respect to any claims therein not resolved by the provisions hereof."

Pursuant to the Stipulated Order, Ms. Akbari caused to be conveyed to the bankruptcy estate all of the real property in New Mexico that was the subject of the adversary proceeding.

This adversary proceeding lay dormant from November 2013 until March 2015, when the Trustee asked the Court for a status conference. At an April 6, 2015 conference, the Trustee told the Court he would like to pursue the claims in the adversary proceeding relating to all of the property that had not yet been conveyed or transferred to the estate. Ms. Akbari objected and filed a motion to dismiss the adversary proceeding, arguing inter alia that the Court lacked jurisdiction because it had been settled.

The Court held a status conference on the motion to dismiss on September 14, 2015. The Trustee informed the Court that he planned to seek a default judgment against certain non-responsive defendants and asked the Court to set a deadline to respond to the motion to dismiss. Ms. Akbari complained that service was insufficient on certain defendants and stated "other than that, I agree that a response [deadline] to the motion should be set." The Court agreed to set such deadline, vacated an upcoming pretrial conference, and promised to reconvene the status

conference if further scheduling was necessary after it ruled on the motion to dismiss. None one objected to this procedure.

The resulting order stated:

Plaintiff shall have 14 days from the date of this order to respond to the Motion to Dismiss Adversary Proceeding filed by Defendant Nancy Akbari-Shahmirzadi, doc. 37. Defendant shall have 10 days to file an optional reply. *The Court likely will rule on the Motion without further hearing once it has been fully briefed*.

(emphasis added). The Trustee timely filed a response to Ms. Akbari's motion to dismiss, and Ms. Akbari timely filed a supporting reply. Ms. Akbari never questioned the order or asked for an evidentiary hearing. Ms. Akbari did not submit affidavits or other written evidence in support of her position.

## II. DISCUSSION

### A. Motions to Reconsider Interlocutory Orders

The Court's order denying Ms. Akbari's motion to dismiss is interlocutory. *See Dababneh v. Fed. Deposit Ins. Corp.,* 971 F.2d 428, 432 n. 6 (10th Cir. 1992) (a ruling denying a motion to dismiss is interlocutory).

The standard for reviewing interlocutory orders is different than for final orders. *See, e.g., Estate of Jacoby v. Nancy Akbari-Shahmirzadi (In re Akbari-Shahmirzadi),* 2013 WL 1099794 (Bankr. D.N.M. 2013) (discussing the different standards and citing cases). In general, Rules[1] 59 and 60 apply to motions to reconsider final orders and judgments, while interlocutory orders may be modified in the Court's sound discretion. *Id.* at *4-5.

The Court may reconsider interlocutory orders at any time before making a final determination of the claims of all of the parties. *See* Rule 54(b), made applicable by Bankruptcy

---

[1] "Rule" refers to the Federal Rules of Civil Procedure, while "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure.

Rule 7054 (Any order that adjudicates fewer than all claims of all parties "may be revised at any time before the entry of a judgment…"); *Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (quoting Rule 54(b)); *C & A Const. Co. v. DHC Dev.,* 501 Fed. Appx. 763, 779 (10th Cir. 2012) ("The district court should ... remain free to revisit its interlocutory conclusions, if necessary, at any time prior to entering final judgment."); *Pedroza v. Lomas Auto Mall, Inc.,* 258 F.R.D. 453 (D.N.M. 2009) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders").

Whether to grant a motion to reconsider an interlocutory order is left to the Court's sound discretion. *See Elephant Butte Irrigation Dist. v. United States Dep't of Interior,* 538 F.3d 1299, 1306 (10th Cir. 2008) (under Rule 54(b), "'every order short of a final decree is subject to reopening at the discretion of the district judge'") (quoting *Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)).

Like Rules 59 and 60, Rule 54(b) does not allow the moving party to "rehash old arguments." *Akbari–Shahmirzadi,* 2013 WL 1099794 at *6 (quoting *Young v. Murphy,* 161 F.R.D. 61, 62 (N.D. Ill. 1995). Grounds warranting reconsideration include an "intervening change in the law, … the need to correct a clear error or prevent manifest injustice," or newly discovered evidence. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989); *Shervington v. Village of Piermont,* 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010) (grounds justifying reconsideration under Rule 54(b) are similar to those under Rule 59: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."). *See also* 18 Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 4478 (detailed discussion of the Law of the Case doctrine and when courts are willing to revisit prior interlocutory rulings). "To succeed in a motion to reconsider, a party must

set forth "facts or law of a strongly convincing nature to induce the court" to change its mind. *Akbari-Shahmirzadi*, 2013 WL 1099794 at \*6 (quoting *California v. Summer Del Caribe, Inc.*, 821 F. Supp. 574, 578 (N.D. Cal. 1993)).

B. <u>Evidentiary Hearing</u>.

Ms. Akbari first argues that she should have been allowed to present evidence at a final hearing in support of her motion to dismiss. This argument is overruled.

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, the Court must consider the complaint's allegations to be true. *See Ruiz*, 299 F.3d at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

If a party goes beyond allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends, the trial court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Here, Ms. Akbari's subject matter jurisdiction argument is not a facial attack, but rather is based on events that occurred after the adversary proceeding was filed in 2013. She argues the proceeding is moot because the Stipulated Order settled all of the Trustee's claims. That issue was easily resolved by reviewing the Stipulated Order, which was already part of the record and contained clear, unambiguous language reserving certain claims for litigation.

Further, Ms. Akbari never presented evidence in connection with her motion to dismiss, nor did she seek an opportunity to do so. There were no affidavits or other documents attached to the motion, and she never requested a hearing, even during the status conference on the motion. When setting the response deadline, the Court expressly notified parties in the scheduling order that it "likely will rule on the Motion without further hearing once it has been fully briefed." Ms. Akbari remained silent until the Court denied the motion to dismiss. She expressed her desire for an evidentiary hearing for the first time in the motion to reconsider.

Finally, even if the Court were inclined to consider additional or newly discovered evidence, the motion to reconsider would still be denied because Ms. Akbari has not identified any particular evidence she would like to introduce. *See Castillo v. Perritt,* 2015 WL 6619979, *2 (M.D.N.C. 2015) (declining to reconsider where movant failed to identify or describe the evidence he wished to present); *Gaston v. Terronez,* 2014 WL 1017621, *1 (E.D. Cal. 2014) (denying motion to reconsider summary judgment where movant failed to identify "any specific evidence" that created a fact issue).

It is not reasonable for Ms. Akbari to fully brief her motion to dismiss without submitting supporting evidence or asking for an evidentiary hearing, wait for a written decision (knowing that the Court was inclined to rule based on the written submissions), and then complain that no hearing had been scheduled. Ms. Akbari waived whatever right she may have had to ask for an evidentiary hearing.

Nevertheless, Ms. Akbari's motion to dismiss is based on the allegation that the Trustee either abandoned or settled the claims. Although the Court denied the motion, the denial does not mean that Ms. Akbari is prevented from pleading defenses based on an alleged settlement or abandonment, or from presenting evidence at trial.

C.     Jury Demand.

In an unusual procedural move, Ms. Akbari demanded a jury in her motion to alter and amend:

> Accordingly Akbari demands a jury trial on the issues stated above as well as on all factual issued which are raised in the Complaint.

This demand is not grounds to vacate or revise the order denying her motion to dismiss. First, it is not clear whether the demand is timely. Rule 38(b)(1) provides that service of the jury demand must be made "no later than 14 days after the last pleading directed to the issue is served." The adversary has been pending for more than two and a half years. Second, jury demands must be made by a separate written demand or else in a pleading. *See* Rule 38(b)(1). Likely it is not proper to demand a jury in a motion to reconsider.

Third, juries do not hear evidence and rule on pre-trial motions. *See, e.g., Cook v. Principal Mut. Life Ins. Co.*, 784 F. Supp. 1513 (D. Mont. 1990) (court ruled on a number of pre-and post-trial motions, including dispositive motions, despite presence of a jury); *Sweeney v. Westvaco Co.*, 926 F.2d 29, 37 (1st Cir. 1991) (magistrate judge, who conducted the jury trial, also ruled on all pretrial motions). The Court will not set aside its order denying Ms. Akbari's motion to dismiss so a jury can take evidence on the motion.

D.     Failure to State a Claim.

In her motion to dismiss Ms. Akbari argued that "since all claims and remedies requested in the Complaint are fully and finally settled Plaintiff has failed to state a claim upon which relief can be granted." The Court overruled the argument because the evidence in the record showed that no such settlement had been approved. Ms. Akbari now asks the Court to vacate this ruling because she did not get an opportunity to present evidence at a final hearing. For the reasons set forth above, this request is not well taken and will be denied.

E. Subject Matter Jurisdiction.

Ms. Akbari next argues that "For the reasons set forth above the Honorable Court erred in concluding that is has subject matter jurisdiction." The "reasons set forth above" are Ms. Akbari's arguments that she is entitled to an evidentiary hearing and a jury trial. The Court has overruled those arguments, and therefore will deny Ms. Akbari's motion to alter or amend its ruling on subject matter jurisdiction.

F. Personal Jurisdiction Over Samirah Akbari.

Ms. Akbari argues that the Court:

> erred in concluding that the entry of appearance by Abkari's daughter, Samirah Akbari, constituted her submission to the jurisdiction of the Court since the entry clearly stated that she was not waiving her rights by entering that appearance including the right to contest jurisdiction and service.

This argument fails because the Court never reached the conclusion alluded to. The Court's memorandum opinion explains the ruling on personal jurisdiction as it relates to Samirah Akbari. The Court's conclusion is not based on Samirah Akbari's entry of appearance.[2]

Ms. Akbari also asserts that:

> The court erred in concluding that Samirah Akbari was subject to the personal jurisdiction of the court on the basis that her contacts anywhere in the United States were sufficient to afford personal jurisdiction. The law is not settled concerning this issue and courts have had conflicting opinions as to whether the mere contact anywhere in the United States confers personal jurisdiction in accordance with the due process clause of the Constitution.

---

[2] The Court stated: "Here, Samirah Akbari lived in Brooklyn, New York when she was served, and her *pro se* entry of appearance lists a New Mexico address. Clearly she had sufficient 'national contacts' for personal jurisdiction purposes. Without substantially more evidence, presented by Samirah Akbari herself or her attorney, there is no basis to dismiss claims against her under Rule 12(b)(2)."

Ms. Akbari cites no authority in support of this assertion. The Court is satisfied that its ruling is in accordance with Tenth Circuit and other authority.[3] True, Samirah Akbari or her lawyer could present evidence that it would not be "fair and reasonable" to force her to litigate in New Mexico, or the "chosen forum will make litigation . . . gravely difficult and inconvenient." *Peay*, 205 F.3d at 1212. However, Ms. Akbari, who is not Samirah Akbari's attorney, cannot help her clear these high hurdles.

      G.      <u>Ms. Akbari's Standing to Address Claims Against Samirah Akbari</u>.

Ms. Akbari next takes issue with the Court's ruling that she lacks standing to argue the legal position of her daughter. She states:

> Akbari has standing in this Complaint with respect to all defendants and regarding all matters therein since the factual averments and relief requested from the various defendants directly involve and are known only to Akbari herself.

This argument is contrary to settled law in the Tenth Circuit and elsewhere. Under the "prudential standing" doctrine, there is a "general prohibition on a litigant's raising another person's legal rights." *The Wilderness Soc. v. Kane County, Utah,* 632 F.3d 1162 (10th Cir. 2011) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). *See also* Rule 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest"). An exception exists: under the doctrine of "third party" or "jus tertii" standing, a party may assert the rights of others not before the court if they can show that they have a close relationship with the person who possesses the right, and there is a hindrance

---

[3] In addition to the authority cited in the memorandum opinion that accompanied the order on the motion to dismiss, *see In re Application to Enforce Administrative Subpoenas Duces Tecum of the Security and Exchange Commission*, 87 F.3d 413, 418 (10th Cir. 1996) (using the "national contacts" analysis with approval); *Peay v. Bellsouth Medical Assistance Plan,* 205 F.3d 1206 (10th Cir. 2000) (approves the "national contacts" approach so long as exercising jurisdiction would be "fair and reasonable" to the defendant); *Klein v. Cornelius*, 786 F.3d 1310 (10th Cir. 2015) (citing and quoting *Peay*). *See generally* 4 Wright & Miller §1068.1, n. 93 and accompanying text ("In general, federal courts no longer seem to question the general propriety of applying a national contacts test when the defendant is served with process pursuant to a provision in a federal statute . . . .").

to the possessor's ability to protect his own interests. *Aid for Women v. Foulston,* 441 F.3d 1101, 1111-12 (10th Cir. 2006). Ms. Akbari does not come within the "third party" exception because her daughter *is* before the Court, and there has been no showing that her daughter cannot protect her own interests.[4]

      H.      <u>Motion to Intervene</u>.

Finally, Ms. Akbari argues that she can address the Trustee's claim against her daughter[5] because she has filed a motion to intervene in the claim. In her motion to intervene Ms. Akbari argues that (i) if she is not allowed to intervene she could become obligated to pay the same money twice; (ii) Samirah Akbari has never received any of the money; and (iii) Samirah Akbari has no knowledge of the facts and therefore cannot protect Ms. Akbari's interest.

The Court will summarily deny the motion to intervene because, inter alia,[6] Ms. Akbari is already a party. *See, e.g., Kippen v. Pack,* 2011 WL 1044487, at *1 (D. Utah 2011) ("[A]s Plaintiff is already a party to this action, his request to intervene is procedurally improper"); *Blades v. Burlington County Jail*, 2007 WL 674687 (D.N.J. 2007) (since plaintiff was already a party, his motion to intervene is moot); *Milburn v. Coughlin,* 1995 WL 293686, at *1 (S.D.N.Y. 1995) (summarily denying request to intervene because movant was already a party). However, the Court will allow Ms. Akbari to participate at trial of the claim in a reasonable fashion, so long as she does not attempt to act as Samirah Akbari's counsel or representative without entering an appearance for her.

---

[4] It is not clear to the Court why Ms. Akbari does not enter her appearance as counsel for her daughter. Until she does, she must let her daughter proceed *pro se* or retain her own lawyer.
[5] The Trustee sued to recover $4,560 in allegedly fraudulent transfers made by Ms. Akbari to Samirah and/or her student loan creditor.
[6] Ms. Akbari also failed to attach a proposed pleading in intervention. *See* Rule 24(c).

Because the motion to intervene is denied, Ms. Akbari's remaining arguments based on intervention are overruled.

### III. CONCLUSION

Ms. Akbari waived her right to insist on presenting evidence in support of her motion to dismiss, which in any event was resolved by construing the unambiguous documents in the record. Her jury demand is not properly made and is irrelevant. Ms. Akbari's motion to intervene will be denied as moot, and she makes no new arguments on the other aspects of the Court's earlier ruling. Ms. Akbari's motion to alter and amend the order denying her motion to dismiss therefore will be denied. Separate orders will be issued.

 _____
 Honorable David T. Thuma
 United States Bankruptcy Judge

Entered: January 11, 2016

Copies to:

George M. Moore
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109

Nancy Akbari-Shahmirzadi
540 North Mesquite
Las Cruces, NM 88001