UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI-SHAHMIRZADI,            No. 11-15351-t11

    Debtor.

PHILIP J. MONTOYA,

    Plaintiff,

v.            Adv. No. 13-01035-t

NANCY AKBARI-SHAHMIRZADI,
AHMAD SHAHMIRZADI aka
AHMAD AKBARI-SHAHMIRZADI,
CARLOS ESTRADA-VEGA,
AL DOKHAN GENERAL TRADING CO.,
ARDISHIR KARIMI,
MAHMOOD AKBARI-SHAHMIRZADI,
SAMIRAH AKBARI, and
MESQUITE REALTY COMPANY, LLC,

    Defendants.

## AMENDED OPINION

Before the Court is defendant Al Dokhan General Trading Co.'s motion to dismiss Plaintiff's complaint for lack of personal jurisdiction and failure to state a claim. The Court concludes that is has jurisdiction over Al Dokhan, and declines to dismiss under Rule 12(b)(6). The motion therefore will be denied.

    I.    FACTS

The Court's decision is based on the following allegations and facts, taken from Plaintiff's affidavit and other evidence submitted in support of his opposition to the motion to dismiss:

Defendant Nancy Akbari Shahmirzadi is the Debtor in this case. She has practiced law for

over 40 years.

On August 20 and 21, 2010, within thirty days of her appointment as the administrator of her deceased mother's probate estate, Debtor distributed over $4 million of the estate's assets to herself and her brother, John Jacoby.

On September 22, 2010, Debtor wrote checks totaling $1,482,402.20 from her Morgan Stanley account in the United States, payable to her and her husband. They deposited the checks in a Swiss bank account they owned.

On October 12, 2010, the Queens County Surrogate's Court in New York ordered Debtor to account for her actions as a fiduciary of her mother's probate estate. Shortly thereafter, Debtor and her husband transferred $627,800 from their Swiss bank account to various friends and family:

    a.    On October 29, 2010, the Debtor and her husband issued a $250,000 check to Carlos A. Estrada-Vega, to be used for the construction of residential real property in Las Cruces, New Mexico owned by Defendant Mahmood Akbari-Shahmirzadi. Mahmood Akbari-Shahmirzadi visits Las Cruces, New Mexico annually;

    b.    On November 1, 2010, the Debtor and her husband issued a $250,000 check to Al Dokhan (located in Dubai, United Arab Emirates), on the instructions of Defendant Mahmood Akbari-Shahmirzadi; and

    c.    On November 1, 2010, the Debtor and her husband issued a $127,800 check to Ardeshir Karimi on the instructions of Mahmood Akbari-Shahmirzadi.

Debtor filed this case as a chapter 7 case on December 14, 2011. All community property owned as of the petition date by Debtor or her husband became property of the estate.

The case was converted to a chapter 11 case on November 22, 2013. The Court confirmed a creditor plan of liquidation on October 27, 2014. Plaintiff was appointed the liquidating 11

trustee under the plan.

Plaintiff commenced this adversary proceeding on April 29, 2013,[1] and filed an amended complaint on December 8, 2015.

In Count 6 of the amended complaint, the trustee seeks to recover the $250,000 transfer to Al Dokhan. Plaintiff alleges the transfer was done with actual intent to hinder, delay, or defraud creditors while Debtor was insolvent, and for inadequate consideration.

## II. DISCUSSION

A. <u>Personal Jurisdiction Over Al Dokhan</u>.

1. <u>Rule 12(b)(2)</u>. Pursuant to Rule 12(b)(2),[2] a party may move to dismiss a complaint for lack of personal jurisdiction. *Ramsey v. Advance Stores Co., Inc.,* 2015 WL 3948119 (D. Kan. 2015), summarizes the Tenth Circuit law:

> When a defendant files a motion to dismiss for lack of personal jurisdiction under FED.R.CIV.P. 12(b)(2), the burden shifts to plaintiff to make a prima facie showing of personal jurisdiction. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056–57 (10th Cir. 2008). This may be accomplished by demonstrating with an affidavit or other written materials, facts that if true would support jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co.,* 149 F.3d 1086, 1091 (10th Cir. 1998). The court does not accept as true those allegations in the complaint which are contradicted by defendant's affidavits. *Melea, Ltd. v. Jawer SA,* 511 F.3d 1060, 1065 (10th Cir. 2007). But, when evaluating the prima facie case, the court must resolve all factual disputes in favor of the plaintiff. *AST Sports Science,* 514 F.3d at 1057. If the court conducted an evidentiary hearing upon defendant's motion, then plaintiff would be required to establish jurisdiction by a preponderance of the evidence. *Richardson v. Fowler Envelope Co.,* 288 F. Supp. 2d 1215, 1219 (D. Kan. 2003). But, since the court is proceeding without a hearing at this stage, the question is whether plaintiff has made a prima facie showing of jurisdiction. *Id.*

---

[1] When the case was converted to chapter 11, the parties agreed the adversary proceeding would not be dismissed and could be reactivated under certain circumstances.
[2] Here, "Rule" means the Federal Rules of Civil Procedure and "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

2015 WL 3948119, at *1. *See also Coyazo-Hernandez v. Davis and Feder*, 2005 WL 2296403, at *6-7 (D.N.M. 2005) (to the same general effect); *Boatright Family, LLC v. Reservation Center, Inc.*, 2013 WL 3563766, at *2 (W.D. Okla. 2013) (same).

    2.    <u>Personal Jurisdiction</u>. The test for personal jurisdiction involves two questions: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant; and (2) whether the exercise of jurisdiction comports with due process." *In re Madsen,* 517 B.R. 385 (10th Cir. BAP 2014) (quoting *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). *Anzures v. Flagship Restaurant Group,* 819 F.3d 1277, 1279 (10th Cir. 2016) (applying the same test).

    3.    <u>Bankruptcy Rule 7004</u>. Bankruptcy courts look to Bankruptcy Rule 7004 to answer the first inquiry. *Madsen,* 517 B.R. 385; *In re Chase & Sanborn Corp.,* 835 F.2d 1341, 1344 (11th Cir.1988), *rev'd on other grounds,* 492 U.S. 33 (1989). Rule 7004(f) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

    3.    <u>Due Process</u>. For personal jurisdiction to be consistent with the due process clause of the Constitution, the defendant must have sufficient "minimum contacts" with the forum, such that having to defend the lawsuit there does not offend notions of fair play and justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotation omitted); *Anzures,* 819 F.3d at 1279.

In bankruptcy cases, the "forum" is the United States. *See In re Application to Enforce Administrative Subpoenas Duces Tecum of the SEC*, 87 F.3d 413, 418 (10th Cir. 1996) ("When the personal jurisdiction of a federal court is invoked based upon a federal statute providing for

nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States"); *In re AstroPower Liquidating Trust*, 335 B.R. 309, 317 (Bankr. D. Del. 2005) (the "national contacts" standard applies to bankruptcy cases); *In re North*, 279 B.R. 845, 851 (Bankr. D. Ariz. 2002) (same); *In re Donald G. Atteberry DVM, P.A.*, 159 B.R. 1, 5 (D. Kan. 1993) (same); *In re Med–Atlantic Petroleum Corp.*, 233 B.R. 644, 653 (Bankr. S.D.N.Y. 1999) (same); *In re Rusco Indus., Inc.*, 104 B.R. 548, 552 (Bankr. S.D. Ga. 1989).

4. <u>Minimum National Contacts</u>. In *Newsome v. Gallacher,* 722 F.3d 1257, 1268 (10th Cir. 2013), the Tenth Circuit applied three factors to determine whether a foreign defendant has sufficient contacts with the forum: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice."

The first factor is most often litigated, and can be satisfied if the defendant "purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1072 (10th Cir. 2008). It can be also satisfied if the defendant commits an intentional tort, with easily anticipated effects in the forum state. *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("petitioners are primary participants in an alleged wrongdoing intentionally directed at a California resident, and jurisdiction over them is proper on that basis."). *See also Newsome,* 722 F.3d at 1268 (personal jurisdiction exists where defendant's intentional act was expressly aimed at the forum state, and defendant knew the brunt of the injury would be felt in the forum state).

5. Accepting a Fraudulent Transfer Creates Sufficient Minimum Contacts.

Courts have held with near uniformity that they have personal jurisdiction to hear fraudulent transfer cases under the *Calder* analysis, even when the transfer is the only contact between the debtor and the foreign transferee. *See, e.g., In re Chase & Sanborn Corp.*, 835 F.2d 1341 (11th Cir.1988), *reversed on other grounds,* 492 U.S. 33 (1989) (bankruptcy court had personal jurisdiction over Colombian defendants to avoid fraudulent transfers); *Sugartown Worldwide LLC v. Shanks,* 2015 WL 1312572, at *7 (E.D. Pa.) (Pennsylvania federal district court had jurisdiction over transferee residing in China); *Mullins v. Testamerica, Inc.,* 564 F.3d 386, 402 (5th Cir. 2009) (Texas federal district court had special jurisdiction over a New York transferee); *Racher v. Lusk*, 2013 WL 6037122, at *3 (W.D. Okla. 2013) (Oklahoma federal district court had jurisdiction over Texas transferee); *Sourcing Management, Inc. v. Simclair, Inc.,* 118 F. Supp. 3d 899, 911 (N.D. Tex. 2015) (Texas federal district court had jurisdiction over Florida transferee); *Gambone v. Lite Rock Drywall*, 288 Fed. Appx. 9, 13-14 (3d Cir. 2008) (Pennsylvania federal district court and Virgin Islands transferee); *State Farm Mut. Auto. Ins. Co. v. Tz'Doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 430-31 (E.D. Pa. 2008) (Pennsylvania district court and New York transferee).[3]

In this case, the Court agrees that by accepting the transfer, Defendants made sufficient minimum contacts with the United States. Al Dokhan is alleged to have intentionally accepted $250,000, which is traceable to Debtor's Swiss bank account. The transfer was sure to hurt Debtor's creditors, and therefore was "expressly aimed" by the recipient and the transferor at the

---

[3] Courts are also in general agreement that, at least for choice of law purposes, fraudulent transfers are akin to torts, not contracts. *See, e.g., International Management Associates, LLC,* 495 B.R. 96, 105 (Bankr. N.D. Ga. 2013) (fraudulent transfer action involving a Ponzi scheme investor is more equivalent to a tort claim than a contract action); *Terry v. June*, 420 F. Supp. 2d 493, 503 (W.D. Va. 2006) (citing cases).

forum jurisdiction (the United States). The brunt of the wrongful conduct by the transferor and the transferee would clearly be felt in the forum jurisdiction, and in particular by Debtor's creditors. Given the relatively narrow range of issues presented by Plaintiffs' claim and the alleged connections between Al Dokhan and Debtor, the Court also rules that exercising jurisdiction over Al Dokhan would not offend traditional notions of fair play and justice. Declining to exercise jurisdiction on those grounds is rare, and the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Newsome v. Gallacher*, 722 F.3d at 1271.

Having resolved all factual disputes in favor of Plaintiff, the Court concludes Plaintiff has made a prima facie showing that the Court has specific jurisdiction over Al Dokhan to hear the fraudulent transfer claim.

B.   <u>Failure to State a Claim</u>.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) requires a short and plain statement of the claim, which gives the defendant fair notice of what the claim is and grounds upon which it rests. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 550 U.S. at 555. *See also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*). Fraudulent transfer claims based on actual fraud must be plead with specificity pursuant to Rule 9(b). *In re Fedders North America, Inc.,* 405 B.R. 527, 544 (Bankr. D. Del. 2009) (collecting cases).

The allegations in Count 6, standing alone, are not sufficient under the *Twombly* test. However, the other allegations show that Debtor and her husband transferred money from their Swiss bank account to Al Dokhan for no value immediately after receiving an adverse ruling. The

allegations regarding solvency are somewhat sparse, but the circumstances suggest that Debtor and her husband knew they would be ordered to return money to the probate estate, could not or did not want to do so, and decided to hide their assets in anticipation of such an order. Viewed in the light most favorable to the Plaintiff, the complaint therefore arguably states a sufficient claim to avoid the transfer to Al Dokhan as fraudulent.

Nevertheless, the Court will order Plaintiff to file a second amended complaint that more clearly pleads the fraudulent transfer claim against Al Dokhan, so there will be no confusion about the factual allegations Al Dokhan must focus on in its defense. The amended complaint should state whether the relief requested is pursuant to § 548, § 544, or both. Plaintiff may incorporate previously plead allegations by reference, but should do so by referring to specific paragraphs.

### III.  CONCLUSION

Plaintiff has carried his burden of making a prima facie showing that the Court has personal jurisdiction over Al Dokhan to hear the fraudulent transfer claim. Plaintiff's amended complaint will not be dismissed pursuant to Rule 12(b)(6), provided he files an amended complaint that states the claim against Al Dokhan with more clarity.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Entered: November 14, 2016

Copies to:

Bonnie Bassan
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109

Christopher M. Gatton
10400 Academy Rd., Ste. 350
Albuquerque, NM 87111